Sterrett, J.,
If it were not for the agreement of counsel, March 16, 188Y, we would be constrained to reverse the decree and remit the record with instructions to proceed de novo in a more orderly and regularly way; but, instead of first passing upon the sufficiency of the petition for review, etc., it appears that the court, in pursuance of that agreement, a copy of which appears in appellee’s paper book, appointed the auditor “ to pass upon the exceptions filed to the account of Dr. Smith Buttermore as guardian of A. W. Baer, and to restate said account, if necessary, as it should have been stated by said accountant. It is claimed by appellant that no such agreement as that was ever made by him or on his behalf, but in that he is not sustained by the record. Moreover, the correctness of the record, as to the agreement of counsel, was virtually affirmed by the refusal of the court to amend the same as requested by appellant’s counsel after the auditor’s report was filed. It must therefore be accepted as a conclusively established fact that reference to the auditor, for the purposes stated, was made by consent of counsel.
The only remaining subject of inquiry is whether the auditor erred in disposing of the exceptions to appellant’s account, or in restating the same. An examination of the report, in connection with the evidence, fails to disclose any error in respect of either.
Appellant’s management of his ward’s estate, and business transactions with his ward before and immediately after the latter attained his majority, were clearly irregular and improper; and, if he had been held to a more rigid rule of accountability, he would have had no just reason to complain. It is conceded that in March, 18Y9, he received $1135.50 from the former guardian of his ward. With that sum and interest he was clearly chargeable. On the other side of his account, the learned auditor appears to have given him credit for all such payments, expenditures, etc., as were shown to have been made by him to or on behalf of his ward, including his commissions, etc. It does not appear that a single credit, warranted by the evidence, was refused.
Decree affirmed and appeal dismissed at the costs of appellant.